B. P. GORHAM & WIFE *v.* S. R. BETTS.

Guardian and Ward—Settlement—Dereliction of Duty—Costs.

A father was appointed guardian for his daughter. After a long period of time, during which only one settlement was made, the guardian filed suit to settle the account, for the reason that his ward refused to settle with him. Held, not to justify the entering of costs as against the ward, by reason of the dereliction of the guardian.

Same—Necessaries Furnished—Duties of Parents.

A parent, who is guardian of his only child, cannot be allowed to charge large sums out of the estate of his ward for her clothing, schooling, etc., so as to practically liquidate the estate in his hands.

APPEAL FROM FAYETTE CIRCUIT COURT.

January 10, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

The record in this case shows that the appellee was appointed trustee and guardian for his daughter more than twenty years previous to the institution of this suit. He has made only one or two settlements of his accounts as guardian, and by the present suit in equity against the appellants, his daughter and her husband, is seeking the aid of the chancellor for the settlement of his accounts, for the alleged reason that the appellants refuse to settle with him.

The long period of time intervening between the qualification of the appellee as guardian and the filing of this suit has afforded him ample opportunities to settle his accounts with the county commissioner, or county judge of his county as the law requires. If he had settled his accounts once in every two years there would have been no necessity for an accumulation of costs, and an expenditure of money such as must result from a settlement of his accounts in a court of equity.

After referring the case to the commissioner (and allowing to the appellee, who is the father and natural guardian of the appellant, Mrs. Gorham, and bound in law to provide and maintain her during her minority, or at least until she was able to maintain herself), large sums of money for clothing, schooling, etc., the ward is brought in debt to the appellee in the sum of $88. The court had no right to charge the estate of Mrs. Gorham with the expense incurred, for her maintenance and education. A case might occur where the estate of the child was ample for its support and the father being poor and unable to provide for the child, that the chancellor would require and authorize such expenditure out of the child's property, but no such state of case is made to appear in this record.

These allowances should have been respected by the court below, and the appellee left without a settlement except for the benefit of the ward. A proper investigation of the accounts, between these parties, and excluding from the settlement the accounts where the interest is more than double the amount of the principal would result in a judgment for the appellants.

The judgment of the court below is reversed, and the cause remanded with directions to dismiss the appellee's petition.

*Breckinridge & Buckner, for appellants.*
*Polk, for appellee.*